UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: BLI FARMS, partnership,
RICHARD JERRY BLI, CHARLOTTE BLI,
JAMES AND PEARL BLI,

        Debtors,

BLI FARMS,

        Appellant,

                              Case Number 03-10134-BC
v.                                 Honorable David M. Lawson

GREENSTONE FARM CREDIT
SERVICES, FCLA, and its assignee
USA FARM SERVICE AGENCY,

        Appellee,

_____/

### ORDER DENYING MOTION FOR RELIEF FROM
### ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT

Presently before the Court is a motion filed by debtor-appellant Bli Farms seeking relief under Federal Rule of Civil Procedure 60(b)(1) from this Court's Corrected Opinion and Order, issued July 26, 2004, affirming the judgment of the bankruptcy court. The bankruptcy court had entered summary judgment in favor of the government and GreenStone Farm Credit Services after the consolidated debtors in this case initiated an adversary proceeding to forestall mortgage foreclosure proceedings. That sale took place during the brief interval between the dismissal of Charlotte Bli's Chapter 11 proceeding (and resulting dissolution of the automatic stay) and the reinstatement of that proceeding. Nearly a year later, and just before the redemption period on the foreclosure sale expired, the consolidated debtors commenced an adversary proceeding seeking to invalidate the sale. The Farm Service Agency, under the authority of the Department of Agriculture,

had taken an assignment of the sheriff's deed conveying the two parcels of property prior to the commencement of the adversary proceedings. GreenStone, and later the United States on behalf of its agency, moved for summary judgment, and the bankruptcy court held that GreenStone's September 27, 2001 foreclosure sale was valid under Michigan law, the automatic stay was not in effect at the time of the foreclosure sale, and an order reinstating Charlotte's bankruptcy case did not revive the automatic stay retroactively so as to affect the validity of the foreclosure sale. Summary judgment was granted in favor of GreenStone and the United States, and this Court's July 26, 2004 order affirmed that judgment.

In its present motion, the appellant asserts that the Court's opinion contains mistakes of fact that, if corrected, would mandate a different result in its case. The appellees oppose the motion on the merits and argue further that it was filed out of time. The Court finds no merit to the appellant's arguments, and for the reasons explained in detail below will deny relief under Rule 60(b).

## I.

The facts of the case are summarized in the Court's previous opinion and need not be restated here. *See In re Bli Farms,* 312 B.R. 606, 610-616 (E.D. Mich. 2004). The appellant argues that the Court made mistakes in reciting the facts, particularly with respect to the notice of foreclosure sale provided by GreenStone, and the post-sale filings of proposed reorganization plans and disclosure statements. However, the Court does not believe that any factual errors served to undermine the legal reasoning supporting the prior rulings, and therefore any errors, if any, were harmless.

Federal Rule of Civil Procedure 60(b) consists of six enumerated clauses that contain the grounds upon which relief from a judgment or order may be granted. These include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in 28 U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b)(1)-(6).  A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

The Sixth Circuit has "recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985). When applied under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court." *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983)(citing *Oliver v. Home Indem. Co.*, 470 F.2d 329 (5th Cir. 1972)).  However, such a claim "must be brought with the normal time for taking an appeal." *Pierce,* 770 F.2d at 451.

The time for filing a notice of appeal, and therefore a Rule 60(b) motion for relief from judgment, is found in  Federal Rules of Appellate Procedure 4(a)(4)(A)(vi).  The rule states:

If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from

-3-

the entry of the order disposing of the last such remaining motion . . . for relief under
Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A)(vi). "The district court may extend the time to file a notice of appeal if:
a party so moves no later than 30 days after the time prescribed by this rule 4(a) expires; and . . . that
party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "The interests of
finality of judgments and judicial economy outweigh the value of giving a party a second bite of the
apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that
would have been asserted on appeal." *Pierce*, 770 F.2d at 452.

The Court can, however, grant relief based on the substance of the motion rather than the
label of the motion. A party should not be denied relief based on the label placed on the motion.
*Sunfire Coal Co. v. United Mine Workers of Am.*, 335 F.2d 958, 962 (6th Cir. 1964).

A motion under Rule 60(b)(6), the "catchall provision," 12 Moore's Federal Practice §
60.48[1], is applicable "only in exceptional or extraordinary circumstances which are not addressed
by the first five numbered clauses of the Rule." *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383
(6th Cir. 1991). Each clause of Rule 60(b) is "mutually exclusive," and Rule 60(b)(6), therefore,
cannot be used to extend the time limitations set by other subsections. *Pioneer Inv. Serv. Co. v.
Brunswick Assoc.*, 507 U.S. 380, 393 (1993).

The appellant first contends that the Court proceeded on the assumption that the Charlotte
had actual knowledge of the adjourned foreclosure sale that occurred after her petition was
dismissed by the bankruptcy court for lack of progress, but before she was able to reinstate her case
and trigger the automatic stay provisions of the Bankruptcy Code. Case law, the appellant
maintains, supports its argument that in such situations due process requires actual notice of
foreclosure. Second, the appellant claims that the Court mistakenly stated that a transcript of

preliminary injunction hearing was not provided to this Court when the appellant specifically had designated the transcript as part of the record on appeal. That transcript, it submits, demonstrates that the debtors were not accorded procedural due process because they were denied the opportunity to present testimony on the issue of actual knowledge. Finally, the appellant argues that, to the extent it makes a difference, the Court erroneously stated that none of the debtors in the proceedings below filed a propose plan for reorganization. The Court will consider each of these arguments in turn.

## II.

The appellant first challenges the Court's order on the grounds that Charlotte Bli was entitled to actual notice of the adjourned foreclosure sale, the Court assumed that she had actual notice, but in fact she had no actual notice. The appellant reasons that because Charlotte Bli was not informed of the adjourned foreclosure sale, an essential element of due process was lacking. It now argues that actual notice of the foreclosure sale was required and cites *In re Acosta,* 181 B.R. 477 (Bankr. D. Ariz. 1995).

The flaw in the appellant's argument here is that the Court never found that actual notice of the foreclosure sale was received by Charlotte Bli. The Court discussed *Acosta* in prior opinion and concluded that GreenStone had provided the notice required by Michigan law. *In re Bli Farms* 312 B.R. at 624-25. That finding had been made previously by the bankruptcy court. *See* R.25: Order Denying Mot. for Prelim. Inj. (Nov. 5, 2002) at 3 (stating "[f]irst, the court finds that the foreclosure publication and procedure, as well as the week-to-week adjournments of the sale were valid under Michigan law and specifically under Mich. Compl. Laws. §§ 600.3208, 600.3212 and 600.3220"). The appellant does not dispute that proposition here. As the Court observed in its corrected opinion

and order, generally a reinstatement of a dismissed bankruptcy proceeding does not affect the validity of a creditor's actions taken during the period the case was dismissed, unless there was a violation of due process rights. *See, e.g., In re Johnson*, 210 B.R. 134, 137 (Bankr. W.D. Tenn. 1997). Although the parties disagree as to what due process requires in this case, the Court's decision resolved that issue: constructive notice was sufficient in the circumstances of the case. Specifically, in discussing the requirements of due process, the Court looked to cases involving constructive notice. *See Acosta,* 181 B.R. 477; *G.E. Capital Mortgage Servs, Inc. v. Thomas (In re Thomas)*, 194 B.R. 641 (Bankr. D. Ariz. 1995). Ultimately, the Court found *Thomas* controlling, a case in which the court was unwilling to require actual notice of a foreclosure sale on due process grounds because the creditor had followed the state statutory procedures on foreclosure.

To the extent that the appellant's Rule 60(b)(1) motion is premised on a mistake of fact, the Court rejects the argument because it is based on an inaccurate reading of the prior opinion and order. To the extent it is grounded on a mistake of law, it must be rejected because it is untimely and lacks merit.

In its motion brief, the appellant suggests that the Court should have found *Acosta* controlling instead of *Thomas*. Certainly, Rule 60(b)(1) subsumes the concept of legal error, as noted above, but when it is used to challenge a legal "mistake," the motion must be filed promptly. *See Pierce*, 770 F.2d at 451 (holding that "[a] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal"). The appellant has not complied with that time limit. In addition, although the facts of this case are similar to those in *Acosta*, most courts, including a federal court in this district, that have since considered the issue have disagreed with *Acosta*'s holding, finding that compliance with state statutory procedures for foreclosure provides sufficient

-6-

notice to debtors.  *See In re Nghiem*, 264 B.R. 557, 563 (9th Cir. 2001) (rejecting *Acosta* and finding

California's statutory foreclosure procedures sufficient under a due process analysis);  *Worthy v.*

*World Wide Financial Services, Inc.*, 347 F. Supp. 2d 502, 509 (E.D. Mich. 2004) (Feikens, J.)

(noting that *Acosta* has been criticized by federal courts and declining to adopt its reasoning); *In re*

*Nagel*, 245 B.R. 657 (D. Ariz. 1999) (holding "*Acosta* not only 'judicially amends the Arizona

statute to provide additional noticing requirements applicable only to debtors who had previously

filed a federal bankruptcy case', but it also judicially amends the Bankruptcy Code. That is to say,

*Acosta* disregards the fundamental principle that dismissal returns the parties to the *status quo ante*

and declares an exception to the code itself.  The promulgation of federal bankruptcy law is properly

within Congress' ken, not the court's"); *In re Fritz*, 225 B.R. 218 (E.D. Wash. 1997) (same); *In re*

*Stober*, 193 B.R. 5, 10 (Bankr. D. Ariz. 1996) (noting "in essence, *Acosta* judicially amends the

Arizona statute to provide additional noticing requirements applicable only to debtors who had

previously filed a federal bankruptcy case"); *Thomas*, 194 B.R. at 641.

This Court considered *Acosta* and found that it stood for the well-settled proposition that

notice of a foreclosure sale is a due process requirement.  However, it reasoned that the appellant

had notice of the foreclosure sale in accordance with *Thomas*: "[t]he Court believes that the facts

in the present case parallel those of *G.E. Capital Mortgage Services*; and the bankruptcy court did

not commit error in refusing to exercise its power to avoid the foreclosure."  *In re Bli Farms* 312

B.R. at 625.  The Court finds no basis to reconsider or change its ruling.

III.

The appellant next argues that this Court did not have the benefit of a transcript of a hearing

held on October 24, 2002 in which a visiting judge, sitting by designation, granted summary

judgment against it without allowing it to present evidence on the issue of actual notice. The appellant claims that this Court incorrectly stated that it did not provide a transcript of the hearing when it in fact designated that transcript to be part of the record on appeal. In fact, that transcript was designated to be included in the record on appeal filed on July 3, 2003 (item number 7), although the parties did not furnish the transcript as part of their appendices on appeal. The appellant has furnished that transcript as an attachment to its brief in support of its Rule 60(b) motion.

Having now read the full transcript of the October 24, 2002 hearing, the Court concludes that it does not support the appellant's argument that the debtors were precluded from offering evidence of actual notice (or lack of it) of the foreclosure sale. The initial portion of the hearing was quoted and discussed in the Court's previous opinion and order. *See In re Bli Farms,* 312 B.R. at 625. The remaining portion states:

> MR. KRAFT: Your Honor, there are no other stipulated facts. I would – my clients are here and I would offer an offer of proof if the Court deems it necessary. It is strictly on the issue of irreparable harm.
>
> And we would testify, or my client would offer testimony that on the Portsmouth parcel the 40 acres of potatoes are still there, they need to be harvested. That the storage buildings at the farm containing all of the potatoes are in storage right now.
>
> . . .
>
> THE COURT: Does anybody disagree that the – that – with the thought that the Court can consider that within this? That's if they were called to testify, that's what they would say? Anybody –
>
> MR. HEWITT: No, I'm sure they will testify to that. And obviously I disagree with the issue of whether or not it meets the definition of harm.

> THE COURT:  Yeah, yeah, yeah. But you had agreed that's what they would say if they were called.

Tr. 10/24/02 at 4-5. The foregoing exchange indicates at most a desire to present evidence only on the issue of irreparable harm, and a willingness of the parties to stipulate to the substance of the testimony. There was never a request to present evidence on actual notice. Moreover, the bankruptcy judge addressed the issue of actual notice and asked whether anyone had anything else to add; the appellant did not.

> THE COURT:  And – and she knew – didn't have any notice of the foreclosure?
>
> MR. KRAFT:  That's correct, Your Honor, none whatsoever.
>
> THE COURT:  Then when – when these – these foreclosures are adjourned week to week or whatever the terminology is under – under state law, are they required to give notice, or do they just assume that anybody who would be there would – would – would be there and hear it's being adjourned?
>
> MR. KRAFT:  I think Mr. Hewitt can address the procedures a little better than I can, Your Honor. It's my understanding that there is a document, I've received copies of these documents, it's prepared by the bank, sent to the Sheriff's office and nobody gets notice of that document, they're simply collected in the file that there's been an adjournment week to week and nobody has notice.
>
> THE COURT:  But that is appropriate under state law?
>
> MR. KRAFT:  I am not prepared to say that that's appropriate under state law. I think Mr. Hewitt knows the details.
>
> THE COURT:  Address that.
>
> MR. HEWITT:  Be happy to, Your Honor. What Michigan's foreclosure by advertising, the statute requires that if you're going to adjourn it for a week to week basis you must post a notice of adjournment at the place where the foreclosure sales are to be

-9-

<table>
<tr><td></td><td>conducted which in this case is the – the court facility in Bay County.</td></tr>
<tr><td></td><td>Commencing in – commencing on January 19th of 2001, the date the original sale was scheduled, because we were discussing with the debtors, you know, possible resolutions, we began posting every week a notice of adjournment, that's what the statute requires. The statute does not require anything more than that unless the foreclosing party decides it wishes to adjourn for more than a week in which case the statute then requires that you republish – republish the notice of adjournment. It does not require physical delivery to the mortgagor.</td></tr>
<tr><td>THE COURT:</td><td>So you're saying it was done in accordance with – yeah, that's – that's – that was – yeah.</td></tr>
<tr><td>MR. HEWITT:</td><td>It was done, period. The notice required by Michigan law for due process purposes was provided.</td></tr>
<tr><td>THE COURT:</td><td>Anybody else want to address that issue?</td></tr>
<tr><td>MS. PIDGEON:</td><td>Your Honor, the issue of notice regarding the foreclosure?</td></tr>
<tr><td>THE COURT:</td><td>No, no, just the foreclosure occurring in this gap period.</td></tr>
</table>

*Id.* at 7-8.

After reviewing the full transcript, the Court concludes that the appellant's procedural due process claim is unavailing. In her Rule 60(b) motion, the appellant claims that the debtors were prepared to present testimony on the issue of actual notice. However, the transcript establishes that no one spoke up when the judge asked if anyone else wanted to address the issue of actual notice. Further, it appears that the parties, at least superficially, were willing to agree to the substance of testimony the appellant sought to present on irreparable harm, a point not in contention here.

The appellant does not cite to any portions of the transcript that, if they had been considered previously, would have changed the outcome of the case. It appears that the portion of the transcript

-10-

the appellant believed most important – that quoted from the appellant's initial brief in the Court's corrected opinion and order – was considered. The Court concluded previously that the appellant failed to identify facts establishing a procedural shortcoming, the parties stipulated to the pertinent facts, the record contained no request by the appellant to present evidence, there was no indication that the stipulation was deficient, and oral argument need not be allowed as a matter of course. The addition of the transcript here does not change the conclusion.

IV.

Finally, the appellant claims, to the extent it makes any difference, the Court incorrectly stated that none of the debtors filed a reorganization plan. Both the government and GreenStone agree that Court misstated this fact. The consolidated debtors apparently made efforts to do so, and GreenStone suggests that the confusion might exist because the debtors never were able to have a reorganization plan confirmed. The portion of the opinion and order containing the statement reads:

> The bankruptcy judge sagely observed that the problem with the foreclosure sale was one that would take care of itself if the debtors had any prospect of successfully proposing and executing a plan of reorganization. Charlotte Bli had an entire year to redeem the property; she could have proposed a plan to finance the redemption and recovered the property. *Instead, over a year later the bankruptcy petitions were all dismissed because none of the debtors ever filed a proposed plan*. To be sure, the Bankruptcy Code is a means of allowing troubled debtors a fresh start, and indeed it is effective when debtors approach reorganization in good faith and with the intent to retire their obligations. But it ought not be a vehicle to delay the collection of valid debts when little effort is devoted to the attempted financial recovery.

*In re Bli Farms*, 312 B.R. at 624 (emphasis added). The misstatement was made in the course of the discussion concerning the practical effect of the foreclosure sale in the context of the absence of any request to set it aside during the October 5, 2001 hearing, and the fact that the debt secured by the two parcels of land had to be addressed eventually by either redeeming the property or proposing a payment schedule in a reorganization plan. The appellant points out that on several

-11-

occasions proposed disclosure statements and reorganization plans were filed, commencing in the summer of 2002. Although none of the plans have been made part of the record in this appeal, the Court assumes that at least one of the proposed plans addressed the debt secured by the land, perhaps even in the context of the right of redemption. However, the Court's factual error does not alter the basic reasoning in this section of the opinion: that the bankruptcy court did not commit error in refusing to exercise its power to avoid the foreclosure sale. Therefore, the Court finds no ground for relief under Rule 60(b).

V.

The appellant has not identified any outcome-determinative mistake that the Court made in its prior order affirming the judgment of the bankruptcy court.

Accordingly, it is **ORDERED** that the motion filed by debtor-appellant Bli Farms for relief from this Court's Corrected Opinion and Order, issued July 26, 2004, affirming the judgment of the bankruptcy court [dkt # 20], is **DENIED**.

It is further **ORDERED** that the appellee's motion to deny as untimely the appellant's motion for relief from judgment [dkt # 29] is **DENIED** as moot.

s/David M. Lawson                
DAVID M. LAWSON
United States District Judge

Dated: July 14, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2005.

s/Carol J. Greyerbiehl     
CAROL J. GREYERBIEHL

---